UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FRANKLIN P.,

        Plaintiff,

     -v-                          6:21-CV-162

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| BINDER, BINDER LAW FIRM<br>Attorneys for Plaintiff<br>485 Madison Avenue, Suite 501<br>New York, NY 10022 | CHARLES E. BINDER, ESQ. |
| SOCIAL SECURITY<br>   ADMINISTRATION<br>Attorneys for Defendant<br>J.F.K. Federal Building, Room 625<br>15 New Sudbury Street<br>Boston, MA 02203 | HUGH DUNN RAPPAPORT, ESQ.<br>Ass't United States Attorney |

DAVID N. HURD
United States District Judge

## ORDER ON MOTION FOR ATTORNEY'S FEES

On February 10, 2021, plaintiff Franklin P.[1] ("plaintiff") filed this action seeking review of a final decision by defendant Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"). Dkt. No. 1.

After plaintiff filed his opening brief, Dkt. No. 13, the Commissioner agreed to remand the matter for further administrative proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g), Dkt. No. 19. This Court "so ordered" the parties' stipulation on January 28, 2022, Dkt. No. 20, and a judgment in plaintiff's favor was entered later that day, Dkt. No. 21.

On February 18, 2022, the parties also stipulated to an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), a statute which shifts litigation fees to a government defendant when certain conditions are met. Dkt. No. 22. The Court "so ordered" this second stipulation on February 22, 2022, Dkt. No. 23, and as a result plaintiff's attorneys were awarded fees in the amount of $8,576.88. Dkt. Nos. 22, 23.

On February 27, 2022, the Appeals Council remanded plaintiff's benefits claim for a new hearing and decision. Dkt. No. 24-2 ¶ 7. Thereafter, an

---

[1] In accordance with a May 1, 2018 memorandum issued by the Judicial Conference's Committee on Court Administration and Case Management and adopted as local practice in this District, only claimant's first name and last initial will be mentioned in this opinion.

Administrative Law Judge ("ALJ") found plaintiff disabled since his alleged onset date of October 3, 2014. *Id.*

On July 29, 2022, plaintiff moved for a second award of attorney's fees under 42 U.S.C. § 406(b), which authorizes a court to grant reasonable fees to a claimant's attorney in a successful Social Security action  Dkt. No. 24.  The Commissioner has timely responded.[2]  Dkt. No. 25.

Originally passed in 1965, the effect of § 406(b) is threefold: "it fixes a maximum percentage for contingent fees of twenty-five percent; it permits recovery of such fees only out of past due benefits, and it requires court approval for whatever amount of fees should be paid." *Fields v. Kijakazi*, 24 F.4th 845, 852 (2d Cir. 2022) (cleaned up).

The "court approval" contemplated by § 406(b) involves a "reasonableness" review, which includes consideration of a host of factors: (1) whether the contingency percentage is within the 25% cap; (2) whether there has been fraud or overreaching in making the agreement; (3) whether the requested amount is so large as to be a windfall to the attorney; (4) the character of the representation and the results the representation achieved; (5) the amount of time counsel spent on the case; (6) whether the attorney is responsible for any delay; and (7) the lawyer's normal hourly billing charge for

---

[2] The Commissioner does not always respond to fee requests.  Social Security is a convoluted area of law, so even a brief explanation of the reason or reasons for non-opposition to a claimant's motion can provide useful guidance to the Court.  The Commissioner's input is always appreciated.

non-contingent-fee cases. *BillyJo M. v. Comm'r of Soc. Sec.*, 568 F. Supp. 3d 309, 311 (W.D.N.Y. 2021) (cleaned up) (collecting cases); *see also Fields*, 24 F.4th at 854 (expounding on the "windfall" factor).

Upon review of the submissions in light of this governing law, the Court is satisfied that the requested fee is reasonable. Among other things, counsel for plaintiff have substantial experience in this area of law. They achieved an excellent result for their client, which included an award of over $160,000.00 in past due benefits. And this result came after several years of sustained effort, including multiple hearings and appeals.

The Commissioner has no objection to this conclusion. As she explains, plaintiff's attorneys' request for $40,011.50 in fees does not exceed 25% of the retroactive benefits awarded to plaintiff. Dkt. No. 25. However, the Commissioner does request that the Court order plaintiff's attorney to surrender the prior, smaller EAJA fee to plaintiff. *Id.*

The Commissioner's request must be granted. Congress has authorized separate fee awards under *both* the EAJA (payable by the Government) and § 406(b) (payable out of a claimant's past-due benefits). *Gisbrecht v. Barnhart*, 535 U.S. 789, 796. However, when an attorney seeks fees under both provisions, the prior EAJA award is treated as an offset: the claimant's attorney must refund to the claimant the amount of the smaller fee. *Id.*

Therefore, it is

ORDERED that

1. Plaintiff's motion for attorney's fees is GRANTED;

2. Plaintiff's attorneys are awarded a fee in the amount of $40,011.50; and

3. Plaintiff's attorneys must surrender to plaintiff the $8,576.88 previously paid under the EAJA.

IT IS SO ORDERED.

Dated: August 16, 2022
       Utica, New York.

David N. Hurd
U.S. District Judge